IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERESA VARNEY, et al.,

                Plaintiffs,

v.                                            CIVIL ACTION NO. 2:11-cv-00205

NATIONWIDE MUTUAL INSURANCE
COMPANY, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion of Nationwide Mutual Insurance Company for Summary Judgment [Docket 16]. For the reasons discussed below, this Motion is **GRANTED.**

**I.    Background**

This suit arises out of a car accident that occurred in early February 2009. According to the Amended Complaint, Joshua Varney was driving his Toyota Tacoma in Mingo County, West Virginia, when the breaks failed and the car flipped over. Theresa Varney, Joshua Varney's mother, maintained an insurance policy with Nationwide Mutual Insurance Company ("Nationwide"), with the Toyota Tacoma as an insured vehicle. Nationwide settled its claim with the Varneys on February 19, 2009, and sold the car for salvage in May 2009. Nationwide first received notice of recalls of the Tacoma in September 2009. On November 24, 2009, the plaintiffs' attorney sent Nationwide a letter informing Nationwide that she believed that Joshua Varney's accident was caused by a malfunction related to the recall. After a series of correspondence, Nationwide informed the Varneys' attorney that it was unable to recover the

vehicle or electronic data recorder because it sold the car for salvage and the owner of the salvage is outside the country. (Def.'s Mot. for Summ. J., Ex. 10 [Docket 16-1]).

The Varneys filed their Amended Complaint in the Circuit Court of Mingo County, West Virginia on March 1, 2011. On March 30, 2011, Nationwide removed the action to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Amended Complaint contains five counts against Toyota Motor Corporation and Toyota Motor Sales, U.S.A., Inc. It also asserts the following counts against Nationwide: spoliation, common law and statutory bad faith, waiver and estoppel, and detrimental reliance. On September 1, 2011, Nationwide filed a Motion for Summary Judgment. The plaintiffs never responded to this Motion. Because the time to file a response has passed, the court now reviews this Motion.

## II.     Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering a motion for summary judgment, the court will not weigh the evidence and determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a

showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere scintilla of evidence in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, 490 U.S. 228 (1989).

### III. Analysis

Under count six for spoliation, the Amended Complaint states that "several different potential litigations were possible from Plaintiff's motor vehicle accident." (Am. Compl. at ¶ 34 [Docket 1-1]). It then alleges that Nationwide knew of the potential litigation, and that Nationwide had a duty to conduct a proper investigation of the accident and "to hold, maintain, and preserve vehicles . . . until a proper investigation is completed." (*Id.* at ¶ ¶ 35-37.) Count seven for bad faith states that, "A reasonable insurance company situated similarly would have conducted a thorough investigation prior to making a liability determination and disposing of materials involved in the accident." (*Id.* at ¶ 47.) Instead, the Complaint asserts that Nationwide, "assumed the cause of the crash, paid property damage, and closed their files." (*Id.* at ¶ 51.) In its allegations of Waiver and Estoppel, the Varneys contend that they relied on Nationwide's first liability determination and did not bring a claim against Toyota. (*Id.* at 61.) Consequently, "Nationwide is barred by law from now placing liability on a party whose prosecution Defendant Nationwide has made difficult, if not impossible." (*Id.* at ¶ 62). Finally, count nine alleges detrimental reliance, explaining that "[t]he plaintiffs relied on Nationwide's

investigation and did not pursue a claim against the Toyota Defendants immediately." (*Id.* at ¶ 67.)

Turning first to count six, negligent spoliation of evidence requires proof of the following elements:

> (1) the existence of a pending or potential civil action; (2) the alleged spoliator had actual knowledge of the pending or potential civil action; (3) a duty to preserve evidence arising from a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances; (4) spoliation of the evidence; (5) the spoliated evidence was vital to a party's ability to prevail in a pending or potential civil action; and (6) damages.

*Hannah v. Heeter*, 213 W. Va. 704, 713-14 (2003), *see also Mace v. Ford Motor Co.*, 221 W. Va. 198, 202 (2007). In this case, the plaintiffs have admitted that they did not advise Nationwide that they intended to bring a lawsuit against Toyota until November 2009. And as noted above, the Toyota recall was in September 2009. Therefore, Nationwide did not have actual knowledge of a pending or potential suit when it sold the car for salvage in May 2009 and cannot be liable for negligent spoliation. Since the plaintiffs failed to offer any "concrete evidence from which a juror could return a verdict" in their favor, I **FIND** that summary judgment for the defendants on the spoliation claim is proper. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The plaintiffs further allege that Nationwide breached its common law duty of good faith and violated the Unfair Trade Practices Act ("UTPA"). A claim of common law bad faith arises out of the insurer's "duty to settle with its insured on a claim for which the insured was legally entitled to recover." *Jordache Enter., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 204 W. Va. 465, 485 (1998) (quoting *Marshall v. Saseen*, 192 W. Va. 94, 100 (1994)). A plaintiff can prevail on a bad faith claim, "[i]f the insurer declined to settle, and the insured was required to sue and then substantially prevailed." *Id.* If the insured substantially prevails, the insurer is

"liable for not just the verdict but also for attorney fees and incidental damages." *Id.* Statutory bad faith falls under the Unfair Trade Practices Act. *Light v. Allstate Ins. Co.*, 203 W. Va. 27, 31 n.5 (1998) ("The phrase 'bad faith' is used to refer to the state's 'unfair settlement practices' statute."). It prohibits several methods of unfair claim settlement practices, including misrepresentation of pertinent facts or policy provisions relating to coverage and failing to act promptly upon communications with respect to claims under the policy. W. VA. CODE 33-11-4(9). Neither West Virginia common law nor the Unfair Trade Practices Act imposes on insurers a duty to investigate a claim beyond what is necessary to determine payment on the claim or to preserve evidence beyond what is required to prevent spoliation.[1] *See Williams v. Great West Cas. Co.*, No. 5:08-cv-137, 2009 WL 4927710, at *7 (N.D. W. Va.) ("[T]he defendant had no duty to preserve the semi-tractor in this case."). Therefore, I **FIND** that the plaintiffs offered nothing more than conclusory allegations insufficient to preclude granting summary judgment for the defendants on their common law and statutory bad faith claims.

Finally, the plaintiffs brought claims under theories of waiver, estoppel, and detrimental reliance. The court agrees with the defendant's characterization of these as "obscure legal theories" that constitute "creative attempts to place upon Nationwide a duty to preserve evidence not contemplated by West Virginia law." (Def.'s Mot. for Summ. J. at 15.) "The doctrine of estoppel applies when a party is induced to act or to refrain from acting to her detriment because of her reasonable reliance on another party's misrepresentation or concealment of a material fact." *Ara v. Erie Ins. Co.*, 182 W. Va. 266, 270 (1989). In contrast, "Estoppel is properly invoked to prevent a litigant from asserting a claim or a defense against a party who has

---

[1] In *Mace v. Ford Motor Co.*, the plaintiff sued Ford and her insurance company. She alleged that the suspension on her car was defectively designed and brought a claim for negligent spoliation because her insurance company sold her car after it paid her claim. 221 W. Va. at 200. The court found that the plaintiff's negligent spoliation claim failed as a matter of law because there was no "pending or potential civil action" and the insurance company had no actual knowledge. *Id.* at 205. Importantly, the court made no mention of the Unfair Trade Practices Act or common law bad faith.

detrimentally changed his position in reliance upon the litigant's misrepresentation or failure to disclose a material fact." *Id.* One typical situation in which these doctrines are applied is when the insurer acts in a way that justifies a reasonable belief on the part of the insured that the insurer will not require compliance with specific policy provisions. *See* 10A *Insurance*, MICHIE'S JURISPRUDENCE OF VIRGINIA AND WEST VIRGINIA § 42 (2011). This is not the case here. It seems as if the plaintiffs are contending that because of actions Nationwide took toward them, Nationwide should be barred from pursuing a claim against Toyota. Because the plaintiffs did not respond, I have no information from the plaintiffs explaining how these theories could apply in this context. Moreover, there is no independent cause of action for detrimental reliance. *See SER Monongahela Power Co. v. Fox*, 227 W. Va. 531 (2011) (noting that the trial court dismissed count two of the complaint "after ruling that there is no independent cause of action for detrimental reliance."). Consequently, I **FIND** that the plaintiffs failed to provide a scintilla of evidence on all of their claims against Nationwide and therefore Nationwide is entitled to judgment as a matter of law. Thus, I **GRANT** Nationwide's Motion for Summary Judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2011

Joseph R. Goodwin, Chief Judge